OPINION
Defendant-appellant, Lamont C. Bell ("appellant"), appeals from the imposition of a two-year sentence by the Ashtabula County Court of Common Pleas.
On August 9, 2000, appellant was indicted for one count of possession of a weapon while under a disability (R.C. 2923.13) a fifth degree felony, one count of possession of cocaine (R.C. 2925.11) a felony of the fifth degree, unlawful possession of dangerous ordinance (R.C. 2923.17) a fifth degree felony, and one count of possession of cocaine (R.C. 2925.11) a second degree felony. On August 15, 2000, appellant entered a plea of not guilty to the indictment. After the trial court overruled appellant's motion to suppress, appellant withdrew his not guilty plea and entered a plea of guilty to the charge of having a weapon under a disability and to the fourth count of the indictment, unlawful possession of cocaine. The remaining two counts of the indictment were dismissed.
On March 29, 2001, appellant appeared before the trial court for sentencing. The court found appellant had two prior felony convictions for which he received probation. The trial court stated its belief that the crack cocaine was not for appellant's personal use but would be filtered out into the community. The court found, in view of appellant's prior convictions for drug abuse and promoting prostitution, that the shortest sentence would demean the seriousness of appellant's conduct and not adequately protect the public from future crime. That same day, the trial court issued its judgment entry of sentence. The trial court sentenced appellant to a term of imprisonment of six months for the charge of having a weapon while under a disability. Appellant received a two-year sentence for the second-degree felony possession of cocaine charge. The sentences were to be served concurrently with appellant receiving credit for 27 days.
Appellant assigns the following error for review:
 "The trial court erred to the prejudice of appellant by sentencing him to a two (2) year term of incarceration which is not supported by the record or is contrary to law."
In his sole assignment of error, appellant argues the trial court erred by not sentencing him to the minimum sentence, or one year. Appellant states he had not previously served a prison term, making a minimum sentence appropriate. Appellant also asserts the trial court, in effect, sentenced him for trafficking in cocaine when he pled guilty to possession of cocaine. Appellant submits the sentence was harsh and not supported by the record.
This court's review of a felony sentence is de novo. R.C. 2953.08;State v. Perry, 11th Dist. No. 2000-L-166, 2002-Ohio-1468, 2002 Ohio App. LEXIS 1496. The defendant's sentence will not be disturbed on appeal unless this court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction regarding the facts sought to be established. Id.
In order for a trial court to impose more than the minimum sentence for a first time offender, the court must find on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender.State v. Jaryga, 11th Dist. No. 99-L-179, 2001-Ohio-7063, 2001 Ohio App. LEXIS 6002. A trial court need not give its reasons underlying either of these findings before more than the minimum sentence can be imposed. Instead, the trial court merely has to state, somewhere on the record, that one or both of the findings set forth in R.C. 2929.14(B) justify a longer sentence than the minimum. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110. These findings can appear in the judgment entry of sentence or in the transcript of the sentencing hearing. Jaryga, supra.
In the instant case, the trial court made the requisite finding during the sentencing hearing. The trial court's reason for imposing more than the minimum sentence is not necessary or required. The trial court complied with R.C. 2929.14(B) in sentencing appellant. Appellant's assignment of error lacks merit.
The judgment of the Ashtabula County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.